**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

FIFTY OVER, LLC, a Colorado limited liability company,

    Plaintiff,

v.

BERKSHIRE HATHAWAY HOMESTATE
INSURANCE CO., a Nebraska corporation,

    Defendant.

_____

**NOTICE OF REMOVAL**
_____

Defendant, Berkshire Hathaway Homestate Insurance Co ("BHHIC"), through its attorneys and pursuant to 28 U.S.C. §§ 1441 and 1446 and D.C.Colo.L.Civ.R. 81.1, removes this civil action from the El Paso County District Court, Colorado, to the United States District Court for the District of Colorado. In support of this Notice of Removal, BHHIC states as follows:

1.    BHHIC is the Defendant in a civil action pending in the El Paso County District Court, Colorado, styled *Fifty Over, LLC v. Berkshire Hathaway Homestate Insurance Company*, Case No. 2018CV30865. A copy of the file from the state court is attached to this Notice. Specifically, the Complaint and Jury Demand is attached as **Exhibit A**, the Civil Case Cover Sheet is attached as **Exhibit B**, the Summons is attached as **Exhibit C**, the Return of Service is attached as **Exhibit D** and a current Register of Actions is attached hereto as **Exhibit E**.

2.    This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) and (c), because it is filed within one year of the commencement of this action and within thirty days of the date on

which this case first became removable. Plaintiff filed the Complaint on April 10, 2018 and served the Complaint and Summons on BHHIC on April 13, 2018. The thirty-day period for removal commenced on April 13, 2018, the date Berkshire was served with the Complaint. 28 U.S.C. § 1446(b).

3.  Plaintiff alleges the following claims for relief against BHHIC: (1) breach of contract; (2) bad faith breach of insurance contract, and (3) statutory bad faith pursuant to C.R.S. §§ 10-3-1113(3), 1115, and 1116.

## Diversity of Citizenship

4.  Plaintiff is and was at all relevant times a Colorado limited liability company with its principal place of business located in Monument, Colorado. (Ex. A, Complaint, ¶1; Colorado Secretary of State Filing, attached as **Exhibit F**) Plaintiff is an LLC, and its sole member is Derek Araje. (See Email from Plaintiff's counsel, attached as **Exhibit G**). As reflected in Plaintiff's Secretary of State filings, Mr. Araje is a resident of Monument, Colorado. (See Secretary of State Filings, attached hereto as **Group Exhibit H**).

5.  Defendant BHHIC is and was at all relevant times a Nebraska corporation with its principal place of business located in Omaha, Nebraska. (Ex. A, Complaint, ¶2; Colorado Secretary of State Filing, attached as **Exhibit I**) BHHIC is a citizen of the State of Nebraska.

6.  There is complete diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different States.

7.  To meet the jurisdictional requirement under 28 U.S.C. § 1332, Berkshire must establish that Plaintiff's damages could exceed $75,000 exclusive of interest and costs. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995). "The amount in controversy is not proof of the

amount the plaintiff will recover. Rather it is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008).

8. The Civil Cover Sheet filed with Plaintiffs' Complaint indicates that Plaintiffs are seeking judgment in excess of $100,000. (Ex. B, Civil Cover Sheet, p. 2) This alone is sufficient evidence to establish the amount in controversy exceeds $75,000. *Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016).

9. Further, Plaintiff alleges it is entitled to two times the covered benefit, plus reasonable attorneys' fees, if it is able to prove that Defendant unreasonably delayed payment of Plaintiff's insurance claims. (Ex. A, Complaint, ¶¶27-9 (citing C.R.S. § 10-3-1116(1)); *see also Stamey v. Nat'l Gen. Ins. Co.,* No. 15-CV-0560-WJM-MJW, 2015 WL 5719654, at *2 (D. Colo. Sept. 30, 2015).

10. Accordingly, this Court has original jurisdiction over the action under 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

11. Promptly upon filing this Notice of Removal, BHHIC shall give written notice of the filing to Plaintiff as required by law. BHHIC is concurrently filing a notice attaching this Notice of Removal with the clerk of the District Court, El Paso County, Colorado, where this action was originally filed.

**WHEREFORE,** Berkshire Hathaway Homestate Insurance Company requests that this Court accept its Notice of Removal and assume jurisdiction over this action.

Respectfully submitted this 7th day of May, 2018.

FORAN GLENNON PALANDECH

PONZI & RUDLOFF PC

By: /s/ *Steven C. Swanson*
Steven C. Swanson
1600 Broadway, Ste. 2425
Denver, Colorado 80202
(720) 336-2230
sswanson@fgppr.com

and

Brian E. Devilling
222 N. LaSalle St.
Suite 1400
Chicago, Illinois 60601
(312) 863-5000
bdevilling@fgppr.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 7, 2018 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

W. Dan Mahoney
The Law Offices of W. Dan Mahoney, P.C.
730 17th St., Suite 340
Denver, CO 80202
(303) 407-0484
dan@mahoneylaw.net

and

Chad T. Wilson
Chad T. Wilson Law Firm, PLLC
1001 Bannock St., Suite 239
Denver, CO 80204
(303) 495-3999
eservice@cwilsonlaw.com
*Attorneys for Plaintiff*

/s/ *Letitia Conroy*
Letitia Conroy