| | |
|---|---|
| DISTRICT COURT<br>EL PASO COUNTY, COLORADO<br><br>El Paso County Judicial Building<br>270 South Tejon<br>P.O. Box 2980<br>Colorado Springs, Colorado 80901<br><br>Plaintiff: Fifty Over, LLC<br><br>v.<br><br>Defendant: Berkshire Hathaway Homestate Insurance Company | DATE FILED: April 10, 2018 4:20 PM<br>FILING ID: 8AE48FEC72AED<br>CASE NUMBER: 2018CV30865<br><br><br><br><br><br><br><br>**COURT USE ONLY** |
| Attorney for Plaintiff:<br>Chad T. Wilson, #50736<br>Chad T. Wilson Law Firm, PLLC<br>1001 Bannock Street, Suite 239<br>Denver, Colorado 80204<br>Phone: (303) 495-3999<br>Fax: (281) 940-2137<br>Email: eservice@cwilsonlaw.com<br><br>Attorney for Plaintiff:<br>W. Dan Mahoney, Esq., Atty. Reg.#: 14195<br>The Law Offices of W. Dan Mahoney, P.C.<br>730 17TH Street, Suite #340<br>Denver, CO 80202<br>Phone #: (303) 407-0484; Fax #: (303) 407-2400<br>E-mail: dan@mahoneylaw.net | Case Number: 2018CV<br><br><br><br><br><br>Division        Courtroom |
| **Complaint and Jury Demand** | |

COMES NOW PLAINTIFFS, Fifty Over, LLC, by and through its attorneys, Chad T. Wilson Law Firm, PLLC, and Complains against the above named Defendant as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, Fifty Over, LLC, is a limited liability organized under the laws of Colorado with its principal place of business in Monument, Colorado.

2. Upon information and belief, Defendant, Berkshire Hathaway Homestate Insurance Company, is a corporation organized under the laws of Nebraska, and authorized to do business in Colorado.



3. This Court has jurisdiction over the subject matter of this action and the parties hereto.

4. Venue is proper in El Paso County, pursuant to C.R.C.P 98.

## GENERAL ALLEGATIONS

5. Berkshire Hathaway Homestate Insurance Company (hereinafter "Homestate" or "Defendant") issued Policy Number 02 PRM003478 (hereinafter the "Policy") to Fifty Over, LLC (hereinafter "Fifty Over" or "Plaintiff") insuring property located at 3315 Cochran Drive, Colorado Springs, Colorado 80916 ("3315 Cochran") and 3415 Cochran Drive, Colorado Springs, Colorado 80916 ("3415 Cochran") (hereinafter the "Property") at all times relevant herein.

6. Fifty Over was the direct beneficiary of a valid policy of insurance purchased from Homestate which provided coverage for hail, wind, and storm damage sustained by the Property as a result of a storm that occurred on or about August 28, 2016.

7. In order to repair the damaged property, Fifty Over filed a claim with Homestate shortly after sustaining the property damage. Homestate acknowledged the claim and assigned it number 02 05 403310.

8. Homestate then hired or employed Rex Porter to adjust the claim. Porter, on behalf of Homestate, initially inspected the Property on or about September 28, 2016. As to the 3315 Cochran Property, Porter found damage to the drip edge, gutters, and downspouts of the roof. As to the 3415 Cochran Property, Porter found that damage to the drip edge pipe jack flashing, roof vent, and the gutters and downspouts of the roof. In total, Porter found $32,732.27 in damages to the Property. After application of the policy deductible of $10,000.00 and withholding for depreciation, Fifty Over was left with $20,523.13 to complete proper repairs to its home. Homestate in total paid on the claim $12,643.23. Following a year of investigation further, Homestate re-adjusted the exact same claim down to $27,973.86 in damages to the Property. After applying the policy deductible of $10,000.00 and subtracting the previous payments of $12,643.23, Plaintiff was left with only $5,330.63.

9. Despite Homestate's intentionally confusing estimates and adjustments, the storm caused severe damage to the roofs, siding, windows and doors, and exterior. As to the 3315 Property, the storm damaged 23 shingles, drip edge, ridge cap, ice and water shield, furnace vent, roof vents, and exterior lighting. As to the 3415 Property, the storm damaged 23 shingles, drip edge, ridge cap, ice and water shield, pipe jack flashing, furnace cent, roof vents, and gutters and downspouts. Damage to the Property is currently estimated at $60,228.40.

10. Although Fifty Over provided to Homestate the necessary documentation evidencing its losses and establishing Homestate's obligation to pay for those losses, Homestate has refused to pay Fifty Over the full benefits due under its Policy.

11. These actions by Homestate were taken in bad faith, with the intent of delaying payment and reducing the covered benefit that Homestate would have to pay on the damage claims submitted by Fifty Over.

12. Homestate's actions constitute a breach of the express duties set forth in the Policy as well as the implied contractual duties of good faith and fair dealing that Homestate owes to Fifty Over.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

13. Paragraphs 1 through 12 are incorporated by reference as if fully set forth herein.

14. The Policy issued by Homestate contained an express or implied covenant of good faith and fair dealing.

15. Fifty Over paid premiums and otherwise performed all conditions precedent to recovery of benefits under the contract.

16. Homestate breached the express and implied terms of the insurance contract by failing to pay the full amount due under the contract and by failing to act reasonably and in good faith in investigating and resolving the Fifty Over's claims.

17. As a direct, immediate and proximate result of Homestate's breaches of contract, Fifty Over has suffered injuries, damages, and losses, in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

18. Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

19. Homestate entered into an insurance contract with Fifty Over and issued a policy that provided coverage for property damage.

20. Fifty Over paid premiums and otherwise performed its obligations under its insurance contract with Homestate.

21. As an insurer, Homestate owed certain general duties to its insured, including the duty of good faith and fair dealing, the duty to timely and fully investigate insurance claims, the duty to communicate with the insured, and the duty to attempt to reasonably settle the claims.

22. Homestate breached these duties to Fifty Over by delaying or denying payment of covered benefits without a reasonable basis.

23. Homestate acted unreasonably and breached its duties of good faith and fair dealing by its actions, which included, without limitation, the following unreasonable acts:

   a. Failing to properly investigate and evaluate Plaintiff's claims for Policy Benefits;
   b. Failing to pay Plaintiff the full benefits owed under the Policy;
   c. Failing to pay amounts under the Policy in a timely manner;
   d. Failing to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims;
   e. Failure to give equal consideration to Plaintiff's rights and interests as it has given its own interests;
   f. Depriving Plaintiff of the benefits and protections of the contract of insurance;
   g. Compelling Plaintiff to institute litigation in order to recover amounts due under the Policy; and
   h. Other conduct to be revealed through discovery.

## THIRD CLAIM FOR RELIEF
### (Statutory Bad Faith Pursuant to C.R.S. §§ 10-3-1113(3), 1115, 1116)

24. Paragraphs 1 through 23 are incorporated by reference as if fully set forth herein.

25. Plaintiff was and is a first-party claimant who was owed benefits directly or on behalf of an insured under an insurance policy.

26. Homestate accordingly had a statutory duty not to unreasonably delay or deny benefits to Plaintiff.

27. Homestate delayed or denied payment of covered benefits to Plaintiff without a reasonable basis for that action.

28. As a direct and proximate result of Homestate's unreasonable delay and denial, Plaintiff has suffered injuries, damages, and losses in an amount to be proven at trial.

29. Plaintiff is entitled to all remedies allowed by C.R.S. § 10-3-1116, including two times the covered benefit, reasonable attorney fees, and court costs.

WHEREFORE, Fifty Over, LLC prays for Judgment in its favor and against Berkshire Hathaway Homestate Insurance Company for compensatory damages in an amount that will fully compensate them for all of its injuries, damages and losses; statutory damages equal to two times the covered benefit; reasonable attorney fees and costs; interest on such sums as is provided by law; and such other and further relief as this Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

Dated this 10th day of April, 2018.

Respectfully Submitted,

/s/ W. Dan Mahoney
W. Dan Mahoney, Esq. #14195
The Law Offices of W. Dan Mahoney, P.C.
ATTORNEY FOR PLAINTIFF
A printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request

/s/ Chad T. Wilson
Chad T. Wilson #50736
ATTORNEY FOR PLAINTIFF
A printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.