**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 18-cv-01082-CMA-KMT

FIFTY OVER, LLC,

      Plaintiff,

v.

BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY,

      Defendant.

_____

**ORDER GRANTING DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT**
_____

      This matter is before the Court on Defendant Berkshire Hathaway Homestate Insurance Company's Motion for Partial Summary Judgment. (Doc. # 26.) The Motion was filed on January 7, 2019. Thus, Plaintiff had until January 28, 2019, to respond. D.C.COLO.LCivR 7.1(d). However, Plaintiff did not file a response as of the date of this Order and did not request an extension of time.

      Despite Plaintiff's failure to respond, the Court has reviewed the merits of Defendant's Motion. *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) ("although a district court may consider a motion for summary judgment uncontested for lack of a timely response, it cannot grant summary judgment unless the moving party has met its initial burden of production under Rule 56 and demonstrated that no genuine

issue of material fact exists and that it is entitled to judgment as a matter of law."). For the reasons that follow, the Court grants Defendant's Motion.

## I.     ANALYSIS

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbot Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 118 F.3d 837, 839 (10th Cir. 1997). When reviewing motions for summary judgment, a court may not resolve issues of credibility, and must view the evidence in the light most favorable to the nonmoving party—including all reasonable inferences from that evidence. *Id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claims; rather, the movant need simply point the court to a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 644, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

In the instant case, Defendant has pointed the Court to a lack of evidence for Plaintiff on essential elements of Plaintiff's bad faith claims. (Doc. # 26 at 3–10.) Specifically, Defendant has demonstrated that Plaintiff lacks evidence which could show that Defendant acted unreasonably in the way Defendant handled Plaintiff's insurance claim. (*Id.*) Therefore, Defendant has met its initial burden of production and there are no disputed issues of fact with regard to Counts 2 and 3. Accordingly, Defendant is entitled to summary judgment on those Counts.

## II.   CONCLUSION

Based on the reasoning above, the Court ORDERS that Defendant Berkshire Hathaway Homestate Insurance Company's Motion for Partial Summary Judgment (Doc. # 26) is GRANTED. It is

FURTHER ORDERED that Plaintiff's First Claim for Relief remains pending against Defendant.

DATED: February 12, 2019

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge